IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-477-BO

KAHLEIGHIA N. ROGERS, et. al, )
)
Plaintiffs, )
)
v. ) ORDER
)
CUMBERLAND COUNTY )
DEPARTMENT OF SOCIAL SERVICES, )
et. al. )
Defendants. )

This matter comes before the Court on the Memorandum and Recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 80]. Plaintiffs have filed objections [DE 82] and the matter is ripe for review. For the reasons that follow, the Memorandum and Recommendation is ADOPTED. The motion for extension of time [DE 62] and motion to appoint a representative [DE 63] are denied. The motions to dismiss [DE 52, 58] are granted and this matter is DISMISSED.

## BACKGROUND

Plaintiff Kahleighia Rogers is the mother of the minor plaintiffs in this case and the daughter of plaintiff Sondra Bruton. On March 21, 2018, Rogers gave birth to K.G. in Cumberland County. K.G. tested positive for THC at birth. Defendant Tamika Walker, a social worker for the Cumberland County Department of Social Services (CCDSS), visited the grandmother, Bruton's, home in Harnett County alleged to ensure that K.G. had a proper place to reside upon his release from the hospital.

On April 6, 2018, Walker told Bruton that CCDSS had filed a petition for non-secure custody of K.G. and L.R. and K.B., who were other minor children living with Bruton at the time.

Bruton turned the children over to CCDSS four days later. Following a hearing on April 11, 2019, K.G. was placed into foster care so that a caregiver could be trained to care for a premature baby, while L.R. and K.B. were returned to Bruton. K.G. remained in foster care for two months, as K.G.'s father was unable to pass a drug test and refused to take a paternity test necessary to receive the child. A hearing was held in July 2018, but Rogers was not present. A consent agreement indicated that Rogers agreed that the children were neglected, but plaintiff Rogers now denies that allegation. In October 2018, K.G.'s father received full legal custody of K.G. On June 12, 2019, a hearing was scheduled to determine whether L.R. and K.B. would be released from non-secure custody. The hearing was allegedly continued because defendant Carrie Carter, the guardian ad litem (GAL), made an unscheduled home visit and no one was at home.

On June 21, 2019, GAL Carter made another unscheduled home visit, this time with defendant Shakeisha McClain, a CCDSS social worker, and did not receive an answer at the door. McClain then allegedly left a message on Bruton's voicemail threatening to remove the children if Bruton did not answer. Carter and McClain contacted the Harnett County Sheriff's Office, and a deputy arrived and banged loudly enough on the door to wake Bruton. Bruton was allegedly inside asleep. Once inside, McClain threatened Bruton. After McClain left, Bruton called defendant Danielle Farrior, a CCDSS supervisor, and was accused of being rude to McClain. Farrior told Bruton that she and McClain would return to Bruton's home to conduct a safety check that afternoon.

On June 22, 2019, an investigator told Bruton that there was a report that Bruton was sleeping all day and leaving the children unattended, that there was an unknown male in the home, and that Bruton did not have a valid driver's license. On June 23, 2019, Farrior contacted Bruton regarding the safety check. Bruton informed her that McClain had made a false report and that the

2

investigator had already completed the safety check. Farrior stated that the safety check had not been completed and scheduled it for the following day. No one contacted Bruton on June 24, and Farrior and McCain attempted to complete the safety check on June 26 instead. Bruton was not at home, but she offered to send a neighbor to help them complete the safety check. Farrior refused Bruton's offer, and instead told Bruton that they would have to remove the children because she was never at home for the unscheduled visits and because Bruton's license was suspended. Defendant Brandi Briza, the CCDSS Program Manager, and attorney Terri Morton authorized the removal and the children were placed in foster care. Bruton spoke with Briza, who told Bruton she would not be getting the children back. Bruton then made a formal complaint to the then-section chief of the CCDSS. Bruton also spoke with Sandy Connors, an assistant director at CCDSS, who advised Bruton that removal was not necessary and that she would refer the matter to defendant Brenda Reid Jackson, director. Bruton left a voicemail for Reid Jackson, who responded with an apology email.

A hearing was held on July 14, 2019, at which Farrior stated that the children had informed her that Bruton had held them under cold water as a form of punishment and beaten them with a belt. The court ordered a forensic examination of the children, which revealed no evidence of abuse. The children were returned after two supervised visits, drug tests of Bruton and Rogers, and a home study. Although Farrior told Bruton over the phone that the case would be closed at the next hearing, CCDSS informed the court at an October 19 hearing that CCDSS needed to monitor the new residence Bruton had recently moved to before the children would be returned.

In January 2020, an investigator visited Bruton and stated that there were allegations that she was beating the children, was transporting them without a license, and had no source of income. At a CCDSS meeting in February 2020, defendant Megan Phillips, a CCDSS social

3

worker, stated that the children had been removed in June 2019 after a forensic report found that they had been improperly disciplined. Allegedly that report did not exist, and the plaintiffs allege that Phillips acted with malice to discredit Bruton at this meeting before the panel of CCDSS supervisors.

On June 18, 2020, Rogers gave birth to another infant, K.R., who tested positive for THC. On June 22, 2020, defendant Tenise Lampley, a CCDSS employee, completed a Temporary Safety Plan at Bruton's home and told Bruton that she could pick the infant up from the hospital if her background check went well. On June 24, 2020, Phillips told Bruton that K.R. would be released from the hospital at 2:30 p.m. and that Bruton should arrive early to receive training for infants exposed to THC. Lampley also told Bruton that Phillips has scheduled an emergency *ex parte* hearing for the same time. Bruton was suspicious that both events were at the same time, and she attended the hearing with Rogers. Morton represented CCDSS and Phillips at the hearing, and they requested that the court order non-secure custody and place K.R. in foster care. Bruton informed the court of what she believed she was subject to retaliation and harassment by CCDSS. The court placed the child in foster case because Phillips stated that she was concerned that Rogers would attempt to remove K.R. from Bruton's care, and defendant Marimata Conrad, GAL Attorney Advocate, agreed with the decision.

Following this hearing, Bruton began a social media campaign to expose CCDSS's allegedly unlawful removal of children, and she included photos of CCDSS employees taken from their Facebook pages. Phillips advised the court at a June 29, 2020 hearing that Bruton had violated child protection laws and shared confidential information, and GAL Conrad agreed. The court kept the infant in foster care and banned Bruton from having contact with the child. At the hearing, Phillips also stated that she would be seeking to remove the two older children at the next hearing

4

because they were not attending play therapy services and because of a conflict between Bruton and Rogers. On July 13, 2020, Phillips told Bruton that she would be taking the children to a play therapy session, but Bruton told Phillips that Valarie Johnson of the North Carolina Department of Health and Human Services had advised that the children should not attend any non-emergency appointments due to COVID-91. However, Phillips attempted to transport the children to therapy in an alleged effort to unlawfully remove them and place them in foster care.

On July 16, 2020, CCDSS and its employees involved the police in a search of Bruton's home. They allegedly attempted to force entry and allegedly threatened to imprison Bruton if she does not relinquish the children. Bruton stated that she would not turn over the children without an order. Defendant Michael Simmons, a CCDSS attorney, allegedly stated that he had a court order for removal of the children. Plaintiffs assert that this was false. Bruton subsequently turned the minors in to Phillips at the Cumberland County Courthouse. Phillips and Simmons then requested that Bruton be barred from all contact with the children. The complaint further alleges that defendant Virgie DeVane-Hayes, a supervisor with CCDSS, stated in a recorded conversation that one of the infants was deemed neglected because she tested positive for THC.

On February 14, 2021, plaintiffs retrieved L.R. and K.B. from where the children were being held in non-secure custody. On or about February 22, 2021, plaintiffs Rogers and Bruton were incarcerated in Harnett County Detention Center for conspiring to kidnap and kidnapping minor plaintiffs L.R. and K.B. Plaintiffs claim that this arrest was the result of Jackson and other CCDSS employees making a false report to Dunn Police Department. On March 22, 2021, District Attorney held a grand jury and indicted plaintiffs on two counts of felony child abduction and conspiracy.

Plaintiffs allege the following claims: (1) violation of their rights to equal protection against all defendants; (2) violation of their rights to due process against all defendants; (3) a Fourth Amendment violation against all defendants; (4) negligence against attorneys Terri Morton, James Dill, and Michael Simmons and all CCDSS employees and agents; (5) gross negligence against all defendants; (6) negligent supervision against the CCDSS director, Cumberland County, the attorneys, and all CCDSS supervisors; (7) gross negligent supervision against Cumberland County, Reid Jackson, all CCDSS attorneys, and GAL Conrad; (8) negligent misrepresentation against Reid Jackson and all CCDSS attorneys, supervisors, and social workers; (9) harassment and retaliation against all defendants; (10) negligent hiring and retention against Cumberland County; (11) gross negligent retention and hiring against Cumberland County; (12) fraud and fraud upon the court against all defendants; (13) breach of contract by Rogers against defendant Antoine Edwards, an attorney; (14) breach of contract by the minor plaintiffs against GAL Carter and GAL Attorney Advocate Conrad; and (15) constructive fraud against all defendants. Plaintiffs further allege that Cumberland County is liable for the actions of CCDSS and its employees under the theory of respondeat superior, and they seek punitive damages and attorney's fees. Plaintiffs request that the children be released from Cumberland County non-secure custody immediately and allege damages in excess of $20,000,000.

On November 23, 2020, Magistrate Judge Jones filed an M&R allowing the case to proceed in forma pauperis, but recommending that some claims be dismissed. [DE 14]. Specifically, the M&R recommended that all claims against CCDSS and the harassment and retaliation claims be dismissed with prejudice. It also recommended that the following claims be dismissed without prejudice: the equal protection claim, Bruton's due process claim, Rogers's Fourth Amendment claim, all state law claims asserted against Cumberland County and its employees in their official

capacities, the negligence and negligent misrepresentation claims, the negligent supervision claim and the claims for negligent hiring and retention, the claim for fraud upon the court, the minor plaintiffs' breach of contract claims, the fraud claim except against Simmons, and the constructive fraud claims. It recommended that the remaining claims be allowed to proceed. Plaintiffs timely filed an objection to the M&R. [DE 16].

This Court adopted the M&R on March 10, 2021. [DE 20]. In the same order, the Court also denied plaintiffs' three motions to appoint counsel and granted plaintiffs' motion to amend the complaint. The result was that all claims against CCDSS and the harassment and retaliations claims were dismissed with prejudice. The following claims were dismissed without prejudice: the equal protection claims against all defendants; Bruton's due process claims against all defendants; Rogers's Fourth Amendment claims against all defendants; the negligence claims against Morton, Dill, Simmons, and all CCDSS employees; the gross negligence claims against all defendants; the negligent supervision claims against CCDSS director, Cumberland County, CCDSS attorneys, and CCDSS supervisors; the gross negligent supervision claims against Cumberland County, Reid Jackson, CCDSS attorneys, and GAL Conrad; the negligent misrepresentation claims against Reid Jackson and CCDSS attorneys, social workers, and supervisors; the negligent hiring and retention and gross negligent hiring and retention claims against Cumberland County; the minor plaintiffs' breach of contract claims against Conrad and Carter; the minor plaintiffs' legal malpractice claims against Conrad and Carter; the fraud claims against all defendants except Simmons; the fraud upon the court claims against all defendants; all state law claims asserted against Cumberland County and its employees in their official capacities; and the constructive fraud claims against all defendants.

The following claims were allowed to proceed as of March 10, 2021 against defendants Dill, Briza, Walker, DeVane-Hayes, Burgan, Phillips, McClain, Hamilton, Simmons, Reid-Jackson, Farrior, Lampley, Conrad, and Carter in their individual capacities as well as Cumberland County:

- (Count I) Rogers' and minors' substantive Due Process Section 1983 claim;
- (Count I) Roger's procedural Due Process Section 1983 claim relating to the July 2018 hearing;
- (Count I) Bruton's Fourth Amendment Section 1983 claim relating to the July 16, 2020 search of her home;
- (Count I) the minors' Fourth Amendment Section 1983 claims for the seizure of their persons.

Additionally, (Count X) Bruton's fraud claim for Simmons' allegedly deceitful statement that there was a court order for the removal of the children (against Simmons in her individual capacity) and (Count XI) Roger's legal malpractice claim against attorney Edwards were allowed to proceed.

On May 10, 2021, defendants Briza, Burgan DeVane-Hayes, Dill, Farrior, Hamilton, McClain, Phillips, Reid-Jackson, Simmons, and Walker filed a motion to dismiss [DE 52] claims against them in the second amended complaint. On May 24, 2021, defendants Carter and Conrad (hereinafter GAL defendants) filed a motion to dismiss claims against them in the second amended complaint.

On June 2, 2021, plaintiffs Bruton and Rogers filed a motion [DE 62] for an extension of time to respond to defendants' motions to dismiss, citing that they lack the resources to properly respond from county jail. On June 2, 2021, plaintiff Bruton filed a motion [DE 63] requesting an extension of time to respond in order to give Burton time to locate and communicate with Rogers. However, Bruton went on to respond to defendants' motion to dismiss and retract the request for an extension of time in DE 63. Also on June 2, 2021, Bruton filed a letter [DE 64] that can be construed as a memorandum in support of her response to the motion to dismiss. On June 8, 2021,

Bruton filed DE 65, attempting to add a false imprisonment claim to this case relating to her imprisonment for conspiracy to kidnap the two minors. On June 9, 2021, plaintiff Bruton responded [DE 66] to defendants' motions to dismiss. On June 25, 2021, Bruton filed DE 67 trying to add a child custody claim to the case. On July 22, 2021, Bruton filed DE 68 detailing allegations of Cumberland County's systematic corruption in the child foster care system which Bruton alleges targets poor black families.

Ultimately, the USMS failed to serve four defendants: Antoine Edwards, Cumberland County, Terri Morton, and Tenise Lampley. The Court issued to plaintiffs the notice of failure to make service. [DE 69, 70, 71]. This matter was referred to a Magistrate Judge Jones and a Memorandum & Recommendation ("M&R") was filed on February 1, 2022. Plaintiffs filed objections to the M&R on February 18, 2022 and defendants did not respond.

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, plaintiffs have filed objections, but have not raised substantive arguments against adopting the M&R. Plaintiffs instead restate the factual basis already raised in plaintiffs'

complaint. Plaintiffs do not contend that the magistrate judge applied the wrong law, misapplied the law, or applied the wrong facts to the law.

The Court finds no plain error in the magistrate judge's M&R. The magistrate judge correctly determined that there are no factual allegations that DeVane-Hayes, Dill, Burgan, Briza, Hamilton, or Jackson were involved in the events related to Rogers's procedural due process claim, Bruton's fraud claim, or Rogers's legal malpractice claim. When determining whether plaintiffs had alleged a substantive due process claim, the magistrate judge correctly applied the "shocks the conscience" standard to the conduct alleged. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see also Sahoo v. Gleaton*, No. 5:16-CV-153-F, 2017 WL 1102623, at *8 (E.D.N.C. Mar. 23, 2017) (finding that the plaintiff had failed to state a claim for a substantive due process violation because "there are no express allegations that Defendants engaged in 'arbitrary,' 'oppressive' or conscience-shocking conduct."). The magistrate judge accurately determined that plaintiffs had failed to state a substantive due process claim against DeVane-Hayes, Burgan, Dill, Briza, Hamilton, and Jackson.

The magistrate judge also correctly applied the standard for qualified and absolute immunity to the remaining defendants. Social workers have absolute immunity for prosecutorial functions and qualified immunity for investigative functions. *See Vosburg v. Dep't of Soc. Servs.*, 884 F.2d 133, 138 (4th Cir. 1989); *Evans v. Perry*, 578 F. App'x 229, 232 (4th Cir. 2014). Accordingly, the remaining claims against McClain, Farrior, Simmons, Phillips, and Walker should be dismissed. The allegations against the GAL defendants fail because insufficient facts are alleged and because the GAL defendants are entitled to absolute immunity for the remaining substantive and procedural due process claims.

In sum, the Court agrees with the magistrate judge's holding and plaintiff has identified no error.

## CONCLUSION

Accordingly, the Memorandum and Recommendation is ADOPTED and the complaint is DISMISSED in its entirety. Plaintiffs' motions for an extension of time [DE 62] and to appoint a representative [DE 63] are DENIED. Defendants' motions to dismiss [DE 52, 58] are GRANTED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __21__ day of March, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE